IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW SOMERS,

                             Plaintiff,                      OPINION AND ORDER

    v.

                                                            19-cv-51-wmc

ANDREW SAUL, Commissioner of
Social Security

                             Defendant.

Plaintiff Matthew Somers seeks judicial review and remand of the Commissioner of Social Security's finding that he was not disabled. Specifically, plaintiff argues that Administrative Law Judge Paul W. Jones ("ALJ") failed to include his moderate mental limitations in the area of concentration, persistence, and pace ("CPP") in the hypothetical posed to the vocational expert, leading to the ALJ's erroneous conclusion that he was not disabled. For the reasons discussed below, this case will be remanded.

BACKGROUND[1]

Matthew Somers filed applications for child's insurance benefits, disability insurance benefits, and supplemental security income in April of 2015, alleging a disability onset date of January 21, 2003. Somers suffers from a number of physical and mental impairments, including degenerative disc disease, alcohol abuse, depression, anxiety, post-traumatic stress disorder, and personality disorder. (AR at 15.)

---

[1] The following facts are drawn from the administrative record. (Dkt. #6.) Because this appeal is solely based on the ALJ's treatment of Somers' limitations regarding CPP, the following discussion focuses on evidence related to those claimed limitations.

In August of 2015, Somers underwent a mental examination by state agency psychologist Larry Kravitz, Psy. D. (AR at 68.) Somers participated in another mental examination by state agency psychologist Stephen Kleinman, M.D., in January of 2016. (AR at 111-12.) In completing the "mental residual functional capacity assessment" portion of the Disability Determination Explanation form, both psychologists noted that Somers was "moderately limited" with respect to multiple CPP functions. (AR at 68, 112.)

After his claims were denied initially and on reconsideration, Somers sought an evidentiary hearing, which was held before the ALJ on December 11, 2017, with Somers and his counsel present. Three months later, on March 8, 2018, the ALJ issued a written decision that addressed Somers' alleged disability under the five-step process set forth in the regulations. (AR at 13-23.) At steps one and two, the ALJ found that: (1) Somers had not engaged in substantial gainful activity since his alleged onset date in 2003; and (2) he suffered from a number of severe and non-severe impairments. (AR at 15-16.)

At step three, the ALJ concluded that Somers did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 16-17.) In so concluding, the ALJ expressly considered the degree of Somers' limitation in various mental areas of functioning, finding that Somers had a moderate limitation in concentrating, persisting, or maintaining pace. (AR at 17.) The ALJ went on to clarify that this limitation was "not a residual functional capacity assessment but [was] used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." (*Id.*) Citing SSR 96-8p, the ALJ observed that the RFC assessment requires a "more detailed

assessment" and further advised that "the following residual functional capacity assessment reflects the degree of limitation that I found in the [step three] mental function analysis." (*Id.*)

At step four, the ALJ found that Somers had the following RFC:

> Claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except it must be simple, routine, repetitive work; with only occasional changes in the work setting; and only occasional interaction with the public, co-workers, and supervisors.

(*Id.*) In explaining this formulation, the ALJ discussed Somers' medical record, including the mental assessments conducted by state agency psychologists Kravitz and Kleinman. (AR at 20.) In particular, the ALJ noted both psychologists "indicat[ed] that claimant had [a] moderate limitation with . . . maintaining concentration, persistence, or pace." (*Id.*) The assessments by Kravitz and Kleinman were given "[g]reat weight" by the ALJ, although he noted that they were "not binding." (*Id.*)

Finally, at step five, the ALJ concluded that Somers was capable of performing past relevant work given this RFC. (AR at 22.) In the alternative, the ALJ also concluded that Somers was capable of performing jobs such as industrial cleaner, hand packer, or linen room attendant, each of which existed in sufficient numbers in the national economy. (AR at 22-23.) The ALJ based these conclusions on the testimony of a Vocational Expert ("VE") during the hearing. (*Id.*) In soliciting testimony from the VE, the ALJ asked the VE to "assume a person of the claimant's age, education and work experience who can do medium work as it is defined by the regulations but whose work has to be simple, routine and repetitive with only occasional changes in the work setting, only occasional interaction

with the public, coworkers and supervisors." (AR at 50.) Having found Somers capable of

performing work that existed in significant numbers in the national economy, the ALJ held

that the Somers was not disabled within the meaning of the social security act. (AR at 23.)


OPINION

Judicial review of a final decision by the Commissioner of Social Security is

authorized by 42 U.S.C. § 405(g). An ALJ's findings of fact are considered "conclusive,"

so long as they are supported by "substantial evidence." § 405(g). Substantial evidence

means "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the

Commissioner's findings, the court cannot reconsider facts, re-weigh the evidence, decide

questions of credibility or otherwise substitute its own judgment for that of the ALJ.

*Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

At the same time, the court must conduct a "critical review of the evidence" before

affirming the Commissioner's decision. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir.

1993). If the Commissioner's decision lacks evidentiary support or adequate discussion of

the issues, then the court must remand the matter. *Villano v. Astrue*, 556 F.3d 558, 562

(7th Cir. 2009).

Plaintiff argues that the ALJ here erred by failing to incorporate Somers' limitations

in concentrating, persisting, and maintaining pace into the RFC and the hypothetical posed

to the VE. Specifically, plaintiff points out that (1) both state agency psychologists noted

a number of moderate CPP limitations in their assessments; and (2) the ALJ himself found

at step three that Somers had a moderate limitation in CPP. According to plaintiff,

however, the ALJ's RFC and hypothetical to the VE did not accurately capture these CPP limitations. The court agrees.

An RFC must incorporate all of a claimant's limitations that are reasonably supported by the record, and an ALJ is required "to orient the VE to the totality of a claimant's limitations." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). In particular, the Seventh Circuit has explained "[a]gain and again, . . . that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (citing *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018)). Even so, an ALJ need not use the specific terms "concentration, persistence, and pace" in the ultimate RFC or VE hypothetical where adequate alternative phrasing is employed. *O'Connor-Spinner*, 627 F.3d at 619.

Here, defendant argues that the ALJ's opinion is supported by substantial evidence because he appropriately incorporated all of the relevant limitations into the RFC by "tailor[ing] his RFC to match the opinions of reviewing psychologists Drs. Kravitz and Kleinman." (Def.'s Opp'n (dkt. #13) 9-11.) Defendant further argues that no other evidence on the record supports a greater CPP limitation than the limitations the ALJ included in Somers' RFC. (AR at 12-14.)

Plaintiff appears to agree that the ALJ's placement of great weight on the opinions of Drs. Kravitz and Kleinman was warranted, and he does not suggest that the ALJ erred in failing to consider other evidence of CPP limitations. Instead, plaintiff challenges defendant's position that the ALJ accurately incorporated the CPP limitations found by

Drs. Kravitz and Kleinman into Somers' RFC. (Pl.'s Br. (dkt. #9) 19-21; Pl.'s Reply (dkt. #14) 12.)

At the center of the parties' disagreement is their dispute over the proper treatment of the form used by both state agency psychologists in completing their mental health assessment of Somers. The Mental Residual Functional Capacity Assessment ("MRFC1") form, which is part of the overall Disability Determination Evaluation, includes the following explanation:

> The questions below help determine the individual's ability to perform sustained work activities. However, the actual mental residual functional capacity assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion. This discussion(s) is documented in the explanatory text boxes following each category of limitation (i.e., understanding and memory, sustained concentration and persistence, social interaction[,] and adaptation). Any other assessment information deemed appropriate may be recorded in the MRFC -- Additional Explanation text box.

(AR at 67, 110-11.)

In the "sustained concentration and persistence" section of the assessment form, Drs. Kravitz and Kleinman both concluded that Somers' was "moderately limited" as to four out of the eight functional categories and "not significantly limited" as to the other four. (AR at 68, 111-12.) Specifically, Somers was found to be moderately limited in his ability to:

- "carry out detailed instructions"

- "maintain attention and concentration for extended periods"

- "work in coordination with or in proximity to others without being distracted by them"

- "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"

(*Id.*)

Further, the form prompts the author to "[e]xplain in narrative form the sustained concentration and persistence capacities and/or limitations." (*Id.*) In this section, both psychologists wrote in relevant part that Somers "would be able to focus to complete tasks requiring 2-3 steps but would have increasing difficulty w/ more complex tasks." (*Id.*) Finally, at the end of the form, under the heading "MRFC [mental residual functional capacity] -- Additional Explanation," the psychologists agreed that: "Claimant would be capable of SRWT [simple, routine, repetitive work] mentally, in a work environment where only limited and straightforward communication with others was required." (AR at 69, 113.)

In considering an earlier (but similar) version of this form, the Seventh Circuit has held that a state agency doctor's responses to "checkbox" questions indicating the claimant's level of limitation as to a particular function constitute "medical evidence which cannot just be ignored." *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015). Nevertheless, the Seventh Circuit has noted that these "[w]orksheet observations" are "perhaps less useful to an ALJ than a doctor's narrative RFC assessment," and as a result, it has specifically "declined to adopt a blanket rule that checked boxes in Section I of the MRFCA

form indicating moderate difficulties in mental functioning need not be incorporated into a hypothetical to the VE." *Id.* Moreover, this approach is consistent with the language of the form itself, which, as noted above, provides that "the actual mental residual functional capacity assessment is recorded in the *narrative* discussion(s)." (AR at AR at 67, 110-11 (emphasis added).) Finally, "even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms." *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (citing *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014)).[2]

Here, the ALJ's RFC formulation closely tracks the limitations identified in the final narrative section of the form titled "MRFC -- Additional Explanation," in which the state agency psychologists wrote that Somers was capable of "SRWT [simple, routine, repetitive work] mentally" provided it is performed "in a work environment where only limited and straightforward communication with others was required." (AR at 69, 113.) Consistent with this formulation, the ALJ found Somers capable of medium work with the following limitations: (1) "simple, routine, repetitive work"; (2) with "only occasional interaction

---

[2] Defendant argues that the Seventh Circuit has recently reaffirmed the principle that an ALJ is entitled to rely on a medical expert's "bottom-line" conclusion. (Def.'s Opp'n (dkt. #13) 15.) While true, these opinions do not appear to overturn the court's previous line of cases; all stand for the principle that an ALJ may rely on a doctor's bottom-line assessment *where it adequately translates his findings*, including from the checklist portion of the agency form. *See Milliken v. Astrue*, 397 F. App'x 218, 221 (7th Cir. 2010) (ALJ entitled to rely on a medical expert who "effectively translated an opinion regarding the claimant's mental limitations into an RFC assessment"); *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019) ("[A]n ALJ may reasonably rely upon the opinion of a medical expert who translates these findings into an RFC determination."); *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) ("[A]n ALJ may rely on a doctor's narrative where it adequately translates those worksheet observations.").

with the public, co-workers, and supervisors"; and (3) "with only occasional changes in the work setting." (AR at 17.)

However, this RFC does *not* incorporate the four, "checklist" moderate limitations ascribed to Somers by both psychologists, a failure made all the more glaring by the ALJ's own finding that Somers had moderate limitations in CPP at step three.[3] (*See* AR at 17 ("With regard to concentrating, persisting, or maintaining pace, claimant has a moderate limitation.").) Similar omissions were found to require remand by the Seventh Circuit in *Yurt*, 758 F.3d at 858. There, as here, the state agency psychologist noted moderate CPP limitations in the checklist portion of the evaluation form, and the ALJ found in the discussion of his opinion that the claimant had moderate CPP limitations; yet the RFC only limited the claimant to simple, routine tasks with limited interactions with others. *Id.* The court emphasized that "we have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Id.* at 858-59. *See also Varga*, 794 F.3d at 815 (RFC limitation to "simple, routine, and repetitive tasks in a work environment free of fast paced production requirements, involving only simple, work-related decisions with few if any work place changes" insufficient to accommodate evidence that claimant had moderate CPP limitations); *Young v. Barnhart*, 362 F.3d 995, 1004-05 (7th Cir. 2004) (RFC limitation to

---

[3] The RFC also appears to fail to account for the CPP narrative section that Somers "would be able to focus to complete tasks requiring 2-3 steps but would have increasing difficulty w/ more complex tasks," but since plaintiff does not argue this, the court will not discuss it further, noting only that the ALJ may also want to consider this narrative on remand.

"simple, routine, repetitive, low stress work with limited contact with coworkers and the public" did not adequately account for claimant's moderate CPP limitations).

ORDER

Accordingly, IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, denying plaintiff Matthew Somers' application for disability benefits and supplemental security income is REMANDED for further proceedings consistent with this opinion.

Entered this 5th day of February, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge